[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16085
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2009
THOMAS K. KAHN
CLERK

Agency No. A088-159-556

JOSE SANTOS BONILLA-CANIZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 7, 2009)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Jose Santos Bonilla-Canizalez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the immigration judge's ("IJ") order dismissing his application for asylum or withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Bonilla-Canizalez argues that he established eligibility for asylum and withholding of removal because he suffered past persecution on account of his political opinion and his membership in a particular social group. He also argues that he established eligibility for CAT relief based on evidence that he would be tortured by the government or by the Maras gang with the government's acquiescence upon return to El Salvador.

## I.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* In this case, the BIA agreed with the reasoning of the IJ. Accordingly, we will discuss both the IJ's and the BIA's decision. *See Id.* at 1284.

We review the IJ's and BIA's factual determinations under the substantial

evidence test and will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation omitted). We review the record evidence in the light most favorable to the BIA's decision. *Forgue v. U.S Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Moreover, we may not overturn the BIA's findings of fact unless the record compels it. *Id.* at 1287.

An alien is eligible for discretionary asylum relief if the alien is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). INA § 208(b)(1)(A). 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as

> any person who is outside any country of such person's nationality . . ., and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he qualifies as a "refugee." 8 C.F.R. § 208.13(a). In order to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Mejia*, 498 F.3d at 1256. An alien seeking withholding of removal must show that it is

3

more likely than not that he will be persecuted or tortured upon being returned to his country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). Because this standard is more stringent than the standard for asylum, an alien who fails to establish eligibility for asylum generally cannot establish eligibility for withholding of removal. *Id.* at 1232-33.

To establish eligibility for asylum or withholding of removal, an alien must establish a nexus between a statutorily protected ground and the persecution. *See Sepulveda*, 401 F.3d at 1231. An alien can meet this burden by presenting specific, detailed facts demonstrating a good reason to fear that he will be singled out for persecution on account of such ground. *Id.* Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), an applicant must demonstrate that one of the protected grounds was or will be "at least one central reason" for the persecution. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i) (as amended by the REAL ID Act § 101(a)(3)) (effective May 11, 2005, "to applications for asylum, withholding, or other relief from removal made on or after" that effective date).

An alien who alleges persecution on account of his political opinion must establish that he was persecuted because of his own actual or imputed political opinion, not because of the persecutor's political motives. *INS v. Elias-Zacarias*, 502 U.S. 478, 482-83, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). Additionally,

4

"evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006). To constitute a "particular social group" under the INA, the group's members must possess a "common, immutable characteristic" that is fundamental to the members's "individual identities or consciences." *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196-97 (11th Cir. 2006) (quotation removed).

Being targeted for extortionate purposes does not constitute persecution on account of political opinion. *See Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 821-22 (11th Cir. 2007). In *Rivera*, we held that the Revolutionary Armed Forces of Colombia's ("FARC") persistent demands for payment of a "war tax" and violence against the petitioners, a family who owned a prosperous business and actively supported the Liberal Party, was not on account of a political opinion. *Id.* In doing so, we explained that the record showed that the FARC (1) identified extortion targets based on their ability to pay, (2) harmed the petitioners only after they refused to pay the tax for several years, and (3) never demanded that the petitioners cease their political activities. *Id.* at 821-23.

Unlike asylum and withholding of removal, CAT relief does not require a showing that the torture would be "on account of" a protected ground. *Compare*

5

8 C.F.R. § 208.16(c)(2) *with* 8 C.F.R. § 208.16(b). Eligibility for CAT relief, rather, requires the applicant to establish that it is more likely than not that he would be tortured if he returned to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). The CAT defines torture as the intentional infliction of "severe pain or suffering." *See* 8 C.F.R. § 208.18(a)(1). Moreover, to obtain CAT relief, the alien must demonstrate that the torture would be inflicted by the government or with the government's acquiescence, i.e., the government would be aware of the torture and fail to intervene. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

The BIA affirmed the IJ's removal order because Bonilla-Canizalez failed to show that any persecution he suffered was on account of a protected ground. We conclude from the record that substantial evidence supports the denial of asylum and withholding of removal because Bonilla-Canizalez failed to establish a nexus between his political opinion or business affiliations and the harm he suffered. In particular, the evidence showed that (1) the Maras, a criminal gang, made threats against Bonilla-Canizalez and his employees without reference to any political opinion or business affiliations; (2) they harmed Bonilla-Canizalez's employees and shot at Bonilla-Canizalez only after their demands for payment were refused; and (3) they never demanded that Bonilla-Canizalez cease his political activities or business associations. *Rivera*, 487 F.3d at 821-23.

6

Additionally, we conclude from the record that substantial evidence supports the denial of CAT relief because Bonilla-Canizalez failed to establish that any torture he suffered or might suffer upon return to El Salvador would be by the government or with the government's acquiescence.

For the foregoing reasons, we deny Bonilla-Canizalez's petition for review.

**PETITION DENIED**.